FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 2 2012

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ACCESS MEDIQUIP, LLC                                            PLAINTIFF

vs.                    CASE NO. 4:11CV00695 JLH

ST. VINCENT INFIRMARY MEDICAL CENTER                            DEFENDANT
a/k/a ST. VINCENT HEALTH SYSTEM

## PROTECTIVE ORDER

This Protective Order governs the parties to this action and their lawyers, as follows:

1.      All materials and copies, transcriptions, or other reproductions of materials (hereinafter "Materials") produced in this action by any party or non-party (hereinafter "producing party") that contain, describe, identify or refer to trade secrets, medical records or protected health information (as referenced in paragraph 3 below), or other information the confidentiality or privacy of which is protected by statute may be stamped "CONFIDENTIAL" by the producing party and, if so stamped, will be subject to the provisions of this Protective Order.

2.      All materials produced in this action by any party or non-party that contain, describe, identify or refer to competitively sensitive information, the disclosure of which is prohibited by statute and/or may cause significant competitive harm to the producing party may be stamped "HIGHLY CONFIDENTIAL" by the producing party and, if so stamped, will be subject to the provisions of this Protective Order. With the exception of the restrictions on access to "HIGHLY CONFIDENTIAL INFORMATION," set forth in paragraph 7 below, the

259125

provisions of the Protective Order referring to "CONFIDENTIAL INFORMATION" shall apply with equal effect to and include "HIGHLY CONFIDENTIAL INFORMATION."

3. To the extent that information is sought that may qualify as "protected health information" under Health Insurance Portability and Accounting Act of 1996 ("HIPAA") or the regulations implementing HIPAA, this Protective Order constitutes a "qualified protective order" as defined in 45 C.F.R. § 164.512 (e)(1)(v), and disclosure of such information is thereby permitted under 45 C.F.R § 164.512 (e)(1)(ii)(B) by all "Covered Entities" as defined by 45 C.F.R. § 160.103. "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. 160.103 and 164.501 and includes, but is not limited to, health information, Including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the past, present or future payment for care provided to an individual, in all cases, which identifies the individual or with respect to which there is a reasonable basis to believe the information could be used to identify the individual.

4. The inadvertent production, without designation as Confidential Information, of a document, thing, information or deposition testimony intended to be designated or that should have been designated Confidential Information shall not waive the right to so designate such document, thing, information or deposition testimony. Any Confidential Information that is inadvertently not designated Confidential Information when produced shall, upon written request of the producing party, thereafter be treated as Confidential Information under this Protective Order.

5. A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any Materials must first attempt in good faith to confer with

259125

lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with specificity the particular Materials for which the designation is being challenged and set forth with specificity why the Materials are not properly designated as "CONFIDENTIAL." The party seeking to maintain Materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

6. Materials designated as "CONFIDENTIAL" may be used only for this action and for no other action or purpose. Materials designated as "CONFIDENTIAL" may not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal) except as stated in this Protective Order.

7. The disclosure by a lawyer of Materials designated as "CONFIDENTIAL" to that lawyer's client, to paralegals and clerical staff employed or contracted with by that lawyer's office, or to experts retained by that lawyer, will not constitute a violation of or a waiver of the protections afforded by this Protective Order so long as the person to whom disclosure is made has executed an Affidavit in the form attached hereto as Exhibit A. A lawyer who discloses Materials designated as "CONFIDENTIAL" pursuant to this paragraph must maintain each Affidavit executed by persons to whom that lawyer has disclosed Materials designated as "CONFIDENTIAL." Materials designed as "HIGHLY CONFIDENTIAL" may only be disclosed to those persons identified in this paragraph, other than the disclosing lawyer's client.

259125

8. Nothing in this Protective Order shall restrict any use by producing party of its own "CONFIDENTIAL" Materials.

9. If Materials designated as "CONFIDENTIAL" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in paragraphs 6 and 7 above, the deponent must be required to acknowledge on the record, before any identification, discussion or disclosure of Materials occurs, that he or she has been advised of and has agreed to be bound by the terms of this Protective Order.

10. A party designate as "CONFIDENTIAL" portions of any deposition transcript wherein Materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by Letter sent by facsimile to opposing counsel within five business days after receipt of the transcript. The portions of a deposition transcript that mention or discuss Materials Designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" and therefore subject to this Protective Order until 5:00 p.m. Central Time on the fifth day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the fifth business day after receipt of the transcript are excluded from the protections of this Protective Order.

11. If, during the course of pre-trial or trial proceedings, a lawyer for a party intends to identify, discuss, or disclose Materials produced by the opposing party and designated as "CONFIDENTIAL," that lawyer must give prior notice to opposing counsel so that the producing party may seek appropriate protection.

259125

12. If Materials designated as "CONFIDENTIAL" are filed with the Clerk of this Court, they must be filed in a sealed envelope in compliance with Section IV.B of this Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings. The Sealed envelope also must contain the following statement:

> "CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE SCANNED AND ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY IN THIS CASE."

13. No lawyer for party may comment in the presence of the jury on the reasons or motivation for designating Materials as "CONFIDENTIAL" without first having obtained permission of the Court to do so.

14. This Protective Order will be binding until this action is finally concluded and thereafter for so long as the confidentiality or privacy of Materials designated as "CONFIDENTIAL" would be protected by statute.

15. Within sixty (60) days after final adjudication of this action, all lawyers then having possession, custody or control of Materials designated as "CONFIDENTIAL" by the opposing party must destroy or return those items and must, upon request by the opposing party, verify that all such items have been destroyed or returned to the producing party. The verification must be made by Affidavit in the form of Exhibit B to this Protective Order. A party may also file a motion asking the Court to return Materials that were designated as "CONFIDENTIAL" and provided to the Court. If such a motion is filed, the Court will rule on it thereafter. The Court cannot promise in advance how it will rule on any such motion.

16. Nothing in this Protective Order will preclude a party from seeking additional protection for Materials designated as "CONFIDENTIAL" or from otherwise seeking a

259125

modification of this Protective Order.

17. Nothing in this Protective Order will prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

IT IS SO ORDERED this 2nd day of March, 2012.

_____
J. Leon Holmes
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

_____   _____
Betsy Turner-Fry                 James Simpson
Rick Donovan

ROSE LAW FIRM                    FRIDAY, ELDREDGE & CLARK, LLP
a Professional Association       400 West Capitol Ave., Suite 2000
120 East Fourth Street           Little Rock, Arkansas 72201
Little Rock, Arkansas 72201      Phone: (501)376-2011
Phone: (501) 375-9131            Fax: (501) 376-2147
Fax: (501) 375-1309              simpson@fridayfirm.com
rdonovan@roselawfirm.com
btfry@roselawfirm.com

Attorneys for Plaintiff          Attorney for Defendant

259125

## EXHIBIT A

### AFFIDAVIT OF _____

STATE OF _____ )
                              ) ss:
COUNTY OF _____ )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after first being sworn, states as follows:

1. My name is _____. I am over the age of 18 years and resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I am aware that a Protective Order has been entered in *Access Mediquip, LLC v. St. Vincent Infirmary Medical Center aka St. Vincent Health System,* CASE NO. 4:11-CV-0695 JLH, which is pending in the United States District Court for the Eastern District of Arkansas, Western Division. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

3. By signing this Affidavit, I promise that I will use the materials and contents of the materials designated "confidential: or "highly confidential" pursuant to the above described civil action in the adjudication of that action and for no other purpose.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "confidential" pursuant to the above-described Protective Order with, to , or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff

259125

employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit. I also promise to disclose "highly confidential" information only to the above-referenced persons, with the exception of any party to the above-described civil action.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or Otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any Means whatsoever, any materials or the contents of any materials designated "confidential" or "highly confidential" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request all materials (originals and copies) designated "confidential" to the counsel Who originally directed that said materials be provided to me.

6. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

7. I understand that any use or distribution of the materials or contents of the materials designated "confidential" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

FURTHER AFFIANT SAYETH NOT.

_____

259125

Signature of Affiant

Subscribed and sworn to before me, this _____ day of _____, 2012.

_____
Notary Public

259125

EXHIBIT B

AFFIDAVIT OF _____

STATE OF _____ )
                         ) ss:
COUNTY OF _____ )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after first being sworn, states as follows:

1. My name is _____. I am over the age of 18 years and resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I have requested and received from _____ all of the materials, transcripts, And other things described in *Access Mediquip, LLC v. St. Vincent Infirmary Medical Center aka St. Vincent Health System*, CASE NO. 4:11-CV-0695 JLH, which is pending in the United States District Court for the Eastern District of Arkansas,. I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me by in accordance with the preceding paragraph, described in the Protective Order which was entered by the County in *Access Mediquip, LLC v. St. Vincent Infirmary Medical Center aka St. Vincent Health System*, CASE NO. 4:11-CV-0695 JLH.

FURTHER AFFIANT SAYETH NOT.

_____
Signature of Affiant

Subscribed and sworn to before me, this _____ day of _____, 20__.

_____
Notary Public

259125