**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ACCESS MEDIQUIP, LLC                                                                                    PLAINTIFF

v.                                    NO. 4:11CV00695 JLH

ST. VINCENT INFIRMARY
MEDICAL CENTER a/k/a
ST. VINCENT HEALTH SYSTEM                                                                        DEFENDANT

## ORDER

St. Vincent Infirmary Medical Center has filed a motion to exclude the testimony that Access Mediquip, LLC, proposes to introduce through its employee, Gene Hyatt, regarding damages that it claims in this action. St. Vincent has also moved for summary judgment based on its argument that Access Mediquip has no admissible evidence of damages, so summary judgment must be entered.

The Court has previously ruled that damages are limited to any payments made to St. Vincent by payors for medical equipment used in a procedure, as those terms are defined in the contract. Document #42. It is apparent that no one can determine with precision the amount that St. Vincent received for medical equipment used in a procedure, as those terms are defined in the contract, because the payment that St. Vincent received was a bundled payment, *i.e.*, one payment for a diagnosis-related group, which means that all inpatient services, goods, products, nursing care, and so forth are paid according to case weight times a dollar factor. Document #62-1 at 3.

After reviewing Hyatt's curriculum vitae, his proposed testimony, and the information upon which he relies in forming his opinions, the Court has concluded that Hyatt is qualified by knowledge, skill, experience, and training to testify in the form of an opinion as to an estimate of the amount that payors paid to St. Vincent for medical equipment furnished for procedures; that his testimony will help the trier of fact to determine a fact in issue, namely, a reasonable estimate of the

damages suffered by Access Mediquip (assuming Access Mediquip can establish that St. Vincent breached the contract); and that Hyatt's testimony is based on sufficient facts and is the product of reliable principles and methods which have been reliably applied in this case. Furthermore, as an expert witness, Hyatt can reasonably rely upon a report entitled *Refining Costs to Charge Ratios for Calculating APC and MS-DRG Relative Payment Weights*, prepared by Kathleen Dalton, Ph.D., Sara Freeman, M.S., and Arnold Bragg, Ph.D., of RTI International. Thus, Hyatt's testimony is admissible under Rules 702 and 703 of the Federal Rules of Evidence. Hyatt was not retained or specially employed to provide expert testimony in this case, nor is it one of his duties as an employee of Access Mediquip regularly to give expert testimony, so Access Mediquip was not required to provide a written report pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Finally, although Hyatt cannot ascertain damages with precision, the method that he employs appears to be calculated to ascertain a reasonable approximation of the amount of damages, which in this case cannot be determined with precision by anyone. *Aon Risk Servs., Inc. v. Meadors*, 100 Ark. App. 272, 288, 267 S.W.3d 603, 614 (2007) ("Arkansas law has never required exactness of proof in determining damages, and, if it is reasonably certain that loss occurred, it is enough that damages can be stated only approximately."). St. Vincent's arguments go to the weight of the evidence, not its admissibility.

For these reasons, St. Vincent's motion to exclude Hyatt's testimony and St. Vincent's third motion for summary judgment are denied. Documents #62 and #64. Access Mediquip's motion for leave to file a surreply is denied as moot. Document #80.

IT IS SO ORDERED this 7th day of February, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE